IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN PABLO CHAVEZ, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:21-CV-892-C-BK |
| | § | |
| MURTAZA ASLAM, ET AL., | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Special Order 3, this case has been referred to the undersigned United States magistrate judge for pretrial management. Upon review, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### I. BACKGROUND

Plaintiff proceeds *pro se*. Though he is not a prisoner, he filed his complaint on the Court's standard prisoner civil-rights form. In addition, the complaint is difficult to follow.

Plaintiff alleges that Defendant Murtaza Aslam, a doctor, "conspired with racketeers and State of Texas state actors to divert landlord/tenant dispute to improper venue and deprive Plaintiff [sic] rights." Doc. 1 at 3. More specifically, Plaintiff appears to claim that Aslam conspired with "Luv Mac" and "Yannis Doe"—an agent/manager of Aslam— to deprive Plaintiff of "tenant rights," and provoked a drug addict "transient" to "annoy/alarm" Plaintiff. Doc. 1 at 3. Plaintiff also names Armond B. Smith, Jevonne Buckhanan, and Clarissa Doell as Defendants, and claims that Smith is guilty of assault; terroristic threats; and conspiring with Mac, Aslam, and Yannis; while Buckhanan and Clarissa Doell "conspired, abused pharmaceuticals, [and] deprived tenant rights." Doc. 1 at 3.

Plaintiff also contends that Aslam conspired with the other defendants and unidentified Texas state actors to deprive Plaintiff of "tenant rights," after promising to "pay out" Plaintiff. Doc. 1 at 4. He avers that after using "Armond and Yannis Doe" to "provoke drug-addicted transient Jevonne in order to annoy/harass/threaten Plaintiff," Aslam evicted Jevonne, "who then took over [P]laintiff's second tenancy at Clarissa Doell's 'prominent homes,' further depriving [P]laintiff [sic] rights and conspiring with the state." Doc. 1 at 4. As for relief, Plaintiff seeks "maximum injunctive, equitable, and declarative relief." Doc. 1 at 4.

The Court withheld service pending judicial screening of Plaintiff's complaint.[1]

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is a complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has

---

[1] Attached to the complaint is what appears to be a copy of a suit filed in the U.S. District Court for the Southern District of New York. Doc. 1 at 6-9. Plaintiff claimed in that suit that different defendants than those named here improperly diverted a landlord/tenant dispute to another venue. Doc. 1 at 6. Plaintiff also complained of a false arrest, untimely arraignment, and excessive bond. Doc. 1 at 9. The claims are similar to those Plaintiff has presented in a separate § 2241 habeas petition to this Court that is undergoing judicial screening. *See Juan Pablo Chavez v. Dallas Sheriff's Office*, 3:21-CV-891-B-BK (N.D. Tex. 2021).

original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Plaintiff's pleadings with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Plaintiff has not alleged facts that establish federal question or diversity jurisdiction.

Plaintiff plainly fails to allege a federal cause of action under 28 U.S.C. § 1331. Though he mentions a conspiracy in a conclusory fashion, he does not allege that this conspiracy was in relation to a deprivation of his federal rights or in contravention of any federal conspiracy statute. At best, Plaintiff appears to allege a state-law tort claim premised upon landlord-tenant law.

Nor has Plaintiff pled the existence of facts establishing subject-matter jurisdiction based on diversity, which requires complete diversity of citizenship and a matter in controversy over $75,000. 28 U.S.C. 1331. Will Plaintiff asserts complete diversity, he has not alleged the requisite amount in controversy. As such, this action should be dismissed *sua sponte* for lack of subject matter jurisdiction.[2]

---

[2] Since the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims if any. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

In the alternative, the complaint is subject to dismissal for failure to state a claim. Pursuant to both 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), *sua sponte* dismissal of a complaint is appropriate if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To the extent that Plaintiff is attempting to allege a conspiracy pursuant to 42 U.S.C. § 1985, he fails to support such a claim with sufficient—or, indeed, any—allegations of fact. That statute provides a cause of action for several types of conspiracies, under subsections one through three.[3] *See* 42 U.S.C. § 1985. However, Plaintiff does not identify the type of

---

[3] Subsection one provides:

> If two or more persons in any State…conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties
>
> …
>
> the party so injured…may have an action for the recovery of damages, occasioned by such injury…against any one or more of the conspirators.

42 U.S.C. § 1985(1). Subsection two prohibits conspiracies to interfere with federal and state proceedings, prohibiting conspiracies between:

> Two or more persons in any State…to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure

conspiracy he is trying to allege. To the extent that Plaintiff seeks to allege a conspiracy to interfere with federal and state court proceedings—given his allegations of a conspiracy to divert his landlord/tenant dispute to an improper venue—these allegations fail, even under liberal construction, to state a claim. Plaintiff does not contend that he was a party or witness in a federal court proceeding. There also is no allegation that he was injured for having testified or attended a federal court proceeding. And as for the state-court provision of the statute, it requires a showing of racial or other class-based animus, and Plaintiff alleges nothing of the sort here. *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 979 (5th Cir. 1986).

Nor does Plaintiff state a claim for a civil conspiracy under Texas law. Under Texas law, a civil conspiracy is composed of two or more persons combining to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). The elements of a cause of action for civil conspiracy in Texas are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1990); *Tri v. J.T.T.*, 162 S.W.3d

---

such party or witness in his person or property on account of his having so attended or testified…; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State…with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

42 U.S.C. § 1985(2). Subsection three prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any class of persons of the equal protection of the laws," or to prevent another from voting or advocating in a federal election. 42 U.S.C. § 1985(3). Neither section appears to apply under the scant facts asserted by Plaintiff.

5

552, 556 (Tex. 2005). Plaintiff fails to allege specific facts to meet those elements here. He alleges no unlawful, overt acts or damages stemming from the same. He only alleges a conspiracy in a conclusory fashion, which is insufficient to state a claim for relief. *See Diaz v. Ocewen Loan Servicing*, Civil No. 3:13-CV-2928-N-BK, 2014 WL 1012521, at *1 (N.D. Tex. Mar. 14, 2014) (noting that the "complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity") (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

The same is true as for Plaintiff's vague references to legal concepts such as "assault" and "terroristic threats." The complaint is devoid of any factual enhancement that would support a civil cause of action under federal or Texas law.

Thus, in the alternative, Plaintiff's complaint is subject to dismissal for failure to state a claim.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he was already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Here, Plaintiff's claims are nonsensical and border on the delusional. Moreover, the facts as alleged by Plaintiff clearly demonstrate a lack of subject matter jurisdiction in this Court, and, alternatively, an inability to state a claim upon which relief can be granted. Thus, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on September 21, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).